**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Shirley Gil,<br><br>            Plaintiff,<br><br>     v.<br><br>Howard Lee Schiff; and<br>DOES 1-10, inclusive,<br><br>            Defendants. | Civil Action No.: 1:12-cv-12040<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Shirley Gil, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Shirley Gil ("Plaintiff"), is an adult individual residing in Peabody, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Howard Lee Schiff ("Howard"), is a Connecticut business entity with an address of PO Box 280245, 510 Tolland Street, East Hartford, Connecticut 06108, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Howard and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Howard at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $6,201.71 (the "Debt") to Target National Bank (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Howard for collection, or Howard was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Howard Engages in Harassment and Abusive Tactics

12. On August 2, 2012, Plaintiff received a letter from Defendants dated July 25, 2012, which contained a notice pursuant 15 U.S.C. § 1692g affording Plaintiff 30 days from her receipt of the letter to dispute the debt.

13. Plaintiff contacted Defendants on the same day, during her lunch break, in an attempt to set up a payment plan and offered to make monthly payments of $25.00.

14. In her response Defendants' representative stated that Howard would accept the $25.00 but would not "agree with [payment offer]". The representative stated that Defendants would sue Plaintiff and get a judgment against her.

15. The immediate threat to take legal action overshadowed and contradicted Plaintiff's right to dispute the Debt.

16. Additionally, Defendants threatened to garnish Plaintiff's wages if she failed to pay the Debt. The foregoing threat was false since Defendants had no present legal ability to affect an immediate garnishment without first filing suit and, if suit proved successful, obtaining a judgment.

17. Plaintiff felt shaken and depressed after the conversation with Defendants. Plaintiff lost appetite and experienced insomnia that night due to stress caused by Defendants' threats and was forced to take sleeping pills.

### C. Plaintiff Suffered Actual Damages

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The Defendants' conduct violated 15 U.S.C. §1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of any debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the Debt was not paid.

24. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take an action, without actually intending to do so.

25. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692g by overshadowing Plaintiff's right to dispute the debt.

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Defendants' violations.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 1, 2012

                Respectfully submitted,

                By   */s/ Sergei Lemberg*

                Sergei Lemberg (BBO# 650671)
                LEMBERG & ASSOCIATES L.L.C.
                1100 Summer Street, 3rd Floor
                Stamford, CT 06905
                Telephone: (203) 653-2250
                Facsimile:  (203) 653-3424
                Attorneys for Plaintiff